UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

WILLIAM MARTINEZ,

v.  Case No. 8:04-cr-567-T-17TGW
8:11-cv-1728-T-17TGW

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on William Martinez's untimely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (hereinafter "motion" or "motion to vacate)." (Doc. CV-1; CR-187). A review of the record demonstrates that the motion must be **denied**.

**SUMMARY DISCUSSION**

Martinez alleges that the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), should be applied retroactively. Martinez's motion must be dismissed. First, and most importantly, Martinez's motion is more than three years out of time. Martinez was sentenced in January 2006, filed a direct appeal in which counsel filed a motion to withdraw along with an *Anders* brief. The Eleventh Circuit granted counsel's motion to withdraw and affirmed Martinez's conviction and sentence in November 2006. Martinez had ninety days within which to file a writ of certiorari to the Supreme Court (February 2007) and did not, thus he had until February 2008 to file a § 2255 motion and failed to do so within that time period. Because of his failure to meet § 2255's time

requirements his motion be denied.

Denial also is warranted by the fact that Martinez, as part of his plea agreement, knowingly and voluntarily waived his right to file a direct appeal or seek post-conviction relief. The claim raised in his § 2255 motion – that the change in the statute should be applied retroactively – does not fall within the narrow exception that precludes the enforcement of such waivers. Since the Government has adhered to its part of the bargain, Martinez's § 2255 must be dismissed for this reason also.

Martinez's motion is without merit and must be dismissed because Martinez does not raise any claims that his original sentence is unconstitutional.

## PROCEDURAL HISTORY

On November 18, 2004, an indictment was returned by a grand jury in the Middle District of Florida charging Martinez and others with conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii) - Count One; possession with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) - Count Two; and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 841(b)(1)(C). (Doc. CR-1, PSR ¶¶ 2-3). Because Martinez was a career offender as defined by U.S.S.G. § 4B1.1, the statutory maximum penalty he could have received was life. PSR ¶ 31. On October 21, 2005, Martinez appeared before the Court and pled guilty, pursuant to a plea agreement with the Government, to Count One of the Indictment. Docs. CR-67, 71, PSR ¶ 7. As part of the plea agreement, Martinez acknowledged that he faced a mandatory minimum sentence of ten years up to life. (Doc. CR-67 at 1-2, ¶ 2-Minimum and Maximum Penalties).

Through the plea agreement, Martinez waived his appeal and post-conviction rights:

5. <u>Appeal of Sentence-Waiver</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Doc. CR-67 at 11) (emphasis in original). The plea agreement was signed and executed by the parties on October 10, 2005, and accepted by this Court on November 22, 2005. (Doc. CR-85).

On January 10, 2006, a final presentence investigation report was issued in the case, which calculated the advisory Sentencing Guidelines at a base offense level of 32 under U.S.S.G. § 2D1.1, for 73.8 grams of crack cocaine and 195.4 grams of powder cocaine. PSR ¶¶ 20-21. After a total reduction of three points was applied for acceptance of responsibility, Martinez yielded a total offense level of 29. Id. at ¶¶ 27-29. Martinez is a career offender. The offense of conviction was a controlled substance offense and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense, resulting in a total offense level of 37. Id. at ¶ 31-32. After applying an adjustment for acceptance of responsibility, Martinez yielded an enhanced offense level of 34. Martinez was assessed a total of eight criminal history points, resulting in a criminal history category

of IV. Id. at 39-41. However, because Martinez is a career offender, in accordance with U.S.S.G. § 4B1.1, a career offender's criminal history category in every case shall be Category VI. Id. at ¶ 42. Thus, Martinez was subject to a Sentencing Guidelines range of 262 - 327 months imprisonment. Id. at ¶ 75. The PSR also stated that the statutory mandatory minimum penalty of not less than ten years imprisonment was applicable. Id. at 75.

Prior to sentencing, the government filed a motion to recognize Martinez's substantial assistance pursuant to U.S.S.G. § 5K1.1. Doc. CR-102. At the sentencing hearing on January 26, 2006, this Court granted the government's request for an additional two-level reduction which reduced the offense level to 32 with a sentencing range of 210 to 262 months. Doc. CR-126 at 6. Martinez was sentenced at the low end, to 210 months imprisonment. Martinez filed a notice of appeal on January 31, 2006. (Doc. CR-111). Subsequently, on June 19, 2006, Martinez's counsel filed an *Anders* brief and motion to withdraw as counsel. The Eleventh Circuit granted the motion to withdraw as appellant's counsel and entered judgment on November 28, 2006. Martinez did not seek review in the Supreme Court.

On March 21, 2008, Martinez filed a pro se motion, pursuant to § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines, seeking a sentence reduction. (Doc. CR-141). Martinez's request was denied and this court cited to *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008), that found that the Sentencing Commission did not lower the sentencing range for career offenders, which is what set Mr. Tingle's sentencing range and is what also set Martinez's sentencing range. (Doc. CR-151). Martinez filed a notice of appeal. (Doc. CR-152, 154). The appeal was dismissed/affirmed on June 16,

2009. (Doc. CR-175). Martinez filed his present 28 U.S.C. § 2255 motion on August 3, 2011.

**DISCUSSION**

*A. Timeliness*

Martinez's conviction became final on February 28, 2007, when the time for seeking certiorari review had expired, therefore, he had until February 28, 2008, to file his section 2255 motion. Doc. CR-140. See Fed.R.App.P. 4(b)(1); *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255(1) until expiration of ninety-day period for seeking certiorari). Martinez's motion is not timely. See 28 U.S.C. § 2255 ¶ 6(1). By filing his section 2255 motion over three years past the February 28, 2008, deadline, Martinez's motion to vacate is out of time. See 28 U.S.C. § 2255 ¶ (f)(1).

Martinez argues that he can now file a § 2255 motion because of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010) which constitutes a "newly recognized right, newly discovered fact, change in the law." The timeliness of Martinez's section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year statute of limitations period for federal prisoners seeking habeas relief. 28 U.S.C. § 2255(f). The AEDPA provides, in particular, that a defendant has one year from the date his judgment of conviction becomes final to file his section 2255 motion. *Id.; Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002). As this Court has made clear, AEDPA's one-year statute of limitations period "is a strict deadline intended to create finality for the judicial system." *Castro-Sanchez v. United*

*States*, No. 8:10-cv-509-T-17TBM, 2010 WL 3154328, at *4 (M.D. Fla. Aug. 9, 2010) (Kovachevich, J.) (citing *Dodd v. United States*, 365 F.3d 1273, 1279 (11th Cir. 2004), *aff'd*, 345 U.S. 353 (2005)). "Thus, even a few days' delay beyond the one-year limit is grounds for denying a motion." *Id.* (citing *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003)). Accordingly, equitable tolling is applied sparingly and is appropriate only when a Petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Id., Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The extraordinary circumstances standard focuses on the circumstances surrounding the late filing of the motion, not the circumstances surrounding the underlying conviction. *Sandvik*, 177 F.3d at 1271. The Petitioner bears the burden of establishing an entitlement to equitable tolling. *Drew v. Dep't of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2003). The Eleventh Circuit has held that an "inmate bears a strong burden to show specific facts to support her claim of extraordinary circumstances and due diligence," *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008), and that a "petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both," *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir 2006). Martinez has not established that equitable tolling applies here.

*B. Waiver*

Even if Martinez's § 2255 motion were timely, Martinez has waived the right to appeal his sentence, directly or collaterally.

The right to appeal is statutory and can be waived knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert denied*, 126 S. Ct. 246

(2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For this Court to enforce an appeal waiver contained in a plea agreement, the United States need only demonstrate either that this Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Williams*, 396 F.3d at 1342; *Bushert*, 997 F.2d at 1351.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham,* 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The sentence imposed on Martinez was not in excess of the statutory maximum punishment that was available to this Court and the sentence that was imposed was in accordance with the law at the time Martinez committed the crimes. Martinez cannot legitimately argue that the sentence is illegal, even in light of the change in the statute, since his sentence comported with the law at the time the offense occurred. Martinez has no colorable argument that the sentence imposed was illegal or unconstitutional. The fact that defendants in the future will receive a lesser sentence does not mean that all prior sentences were illegal -- just that the sentences previously imposed were not as long.

C. *The Fair Sentencing Act*[1]

---

[1] The Court notes that the government cites *United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011), which was vacated October 4, 2011.

The FSA altered the statutory penalty provisions for drug offenses involving crack cocaine. Prior to the FSA, the statute provided for a 100-to-1 crack-to-powder cocaine disparity in statutory sentencing, which required a five-year statutory minimum sentence for five grams or more of crack and a ten-year statutory minimum sentence for 50 grams of crack. The Fair Sentencing Act amended the statutory penalties for offenses involving crack cocaine, under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B), to 28 grams and 280 grams respectively.

The FSA directed that the United States Sentencing Commission review and amend the Sentencing Guidelines to conform with the FSA. Pub. L. No. 111-220, 124 Stat. 2372, §§ 5-8. The Commission voted to apply the guidelines amendment retroactively and that amendment was effective November 1, 2011. If a retroactive amendment to the sentencing guidelines lowers a defendant's term of imprisonment, he should seek relief by filing a motion for modification of sentence. 18 U.S.C. § 3582(c)(2). As stated above, Martinez previously filed a motion, pursuant to § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines, seeking a sentence reduction. (Doc. CR-141). Martinez's request was denied and this court cited to *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008), that found that the Sentencing Commission did not lower the sentencing range for career offenders, which is what set Mr. Tingle's sentencing range and is what also set Martinez's sentencing range. (Doc. CR-151). Martinez filed a notice of appeal. (Doc. CR-152, 154). The appeal was dismissed/affirmed on June 16, 2009. (Doc. CR-175).

*D. Actual Innocence*

Martinez claims that because of the Fair Sentencing Act he is "actually innocent of his enhanced 21 U.S.C. § 841(b)(1)(A) mandatory minimum and maximum sentence[.]"

8

Martinez's actual innocence claim is misplaced. He was sentenced as a career offender. Under the Eleventh Circuit's en banc decision in *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), Martinez cannot rely upon the actual innocence exception, because a defendant cannot be actually innocent of a guidelines enhancement. Further, a defendant cannot be actually innocent of a mandatory minimum sentence that is within a statutory maximum because the defendant would be eligible for the same sentence at a resentencing.

Finally, in *McKay v. United States*, 657 F.3d 1190, 1196) (11th Cir. 2011), a panel of the Eleventh Circuit held that under *Bousley v. United States*, 523 U.S. 614, 623 (1998), the actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence. *McKay*, 657 F.3d at 1197-98. The *McKay* Court further stated:

> The actual innocence exception has been applied in two distinct contexts: first, in the face of a claim of actual innocence of the crime of conviction and, second, in the face of a claim of actual innocence of a sentence. *See Sibley v. Culliver*, 377 F.3d 1196, 1205–06 (11th Cir.2004). To show actual innocence of the crime of conviction, a movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of the new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); see also id. at 332, 115 S.Ct. 851 (O'Connor, J., concurring). To show actual innocence of a capital sentence, a movant "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found[him] eligible for the death penalty under the applicable state law." *Sawyer v. Whitley*, 505 U.S. 333, 336, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); *see also Sibley*, 377 F.3d at 1205 (describing how a movant claiming actual innocence of his capital sentence must show that "he is 'innocent' of the death penalty because none of the aggravating factors legally necessary for invocation of the death penalty applied").

657 F. 3d 1196-97 (footnote omitted). Neither exception applies to Williams.

E. Statement on Need for Evidentiary Hearing

Martinez is not entitled to an evidentiary hearing. A petitioner has the burden of establishing the need for an evidentiary hearing and he will be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted see *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). It is clear from the record that Martinez's motion lacks merit and must be dismissed as untimely.

Martinez's argument in his reply that the District Court can find that the FSA is retroactive and apply the Act to Martinez is not persuasive.

Accordingly, the Court orders:

That Martinez's motion to vacate (Doc. CV-1; CR-187) is denied. The Clerk is directed to enter judgment against Martinez and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant

has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 27, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Maria Chapa Lopez
William Martinez